Battle, J.
 

 The counsel for the defendant has, in this court, abandoned, and very properly abandoned,'the objection, that the purchase money for the land which he had bound himself to convey, had not been paid prior to the commencement of the suit. He might, with equal propriety, have given up the objection, that the defendant had, under his bond, the whole of the year 1852, within which to convey the land to the plaintiff. The stipulation for time was inserted for the benefit of the plaintiff, and the true meaning of the contract evidently is, that upon the payment of the purchase money by the plaintiff, within the stipulated time, the defendant should immediately execute to him a deed for the land.
 

 The last objection urged against the plaintiff’s right to recover, is of a different character, and we are unable to discover any ground upon which it can be resisted.
 
 We
 
 lay no stress upon that part of the instrument pleaded
 
 %nds darein continuance,
 
 which purports to be a reconveyance of the plaintiff’s interest in the land, but we do not see how the agreement under seal to dismiss the suit, pay the costs, and surrender the bond sued upon, can be construed to be any thing- else than,
 
 *56
 
 a release. A release is said to be “ when a man quits or renounces that which ho before had.” 7 Com. Dig. Tit. Relíase, Letter A. It may be by express words, or by act in law. When it is by express words, it does not require any particular word; so that “remise,” “quits claim,” “renounces,” “acquits,” &c., will have the same effect as the word “release.” Co. Lit. 261 b. If a lessor grants that his lessee shall be discharged of his rent, this amounts to a release of the rent. So, if a man acknowledges himself to be satisfied and discharged of all bonds, &c., by the obligor, it amounts to a release of the bond. So, if one covenant that he will never sue for a debt, this amounts to a release. See 7 Com. Dig.,
 
 ubi supra,
 
 and the cases there cited. In
 
 Dean
 
 v.
 
 Newhall,
 
 8 Term. Rep. 168, it was decided that where an obligee covenanted not to sue one of two joint and several obligors, and that if he did, the deed of covenant might be pleaded in bar, he might still sue the other obligor. But it was said, in the same case, that a covenant not to sue a single obligor might be pleaded as a release, to avoid a circuity of action. This principle must necessarily embrace our case. An agreement under seal to dismiss a suit then pending, to pay the cost, and to surrender up the bond upon which the action is brought, must, to avoid circuity of action, be construed to be a release of the action. The judgment of the court below is reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam.
 

 Judgment reversed.